DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**INTERNATIONAL VILLAGE ASSOCIATION, INC.,**
Appellant,

v.

**ILAN WEISS,**
Appellee.

No. 4D21-537

[June 15, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE 16-002708.

Christopher M. Trapani of Christopher M. Trapani, P.A., Cooper City, for appellant.

Robert E. Menje of Robert E. Menje, PLLC, Pembroke Pines, for appellee.

DAMOORGIAN, J.

This is an appeal from a final judgment awarding International Village Association, Inc. ("the Association") attorney's fees and costs under section 718.1255(4), Florida Statutes (2016). The Association raises several arguments on appeal, only one of which has merit. It argues the trial court erred by not awarding attorney's fees incurred in litigating the issue of entitlement to fees.

In 2015, Ilan Weiss ("the Unit Owner") brought several claims against the Association relating to its former president's actions. All but one of the claims were settled. The remaining claim proceeded to mandatory non-binding arbitration pursuant to section 718.1255(4)(a), Florida Statutes (2016). Ultimately, the arbitrator entered a summary final order in favor of the Association. The Unit Owner thereafter filed a complaint for a trial de novo which was later voluntarily dismissed. Following entry of the dismissal order, the parties entered into an agreed order stipulating that the Association was the prevailing party and entitled to attorney's fees and costs incurred in both the arbitration proceeding and the trial de novo action.

Notwithstanding the agreed order, the Unit Owner later filed a motion "to strike and mitigate" the Association's claim to attorney's fees wherein he challenged the Association's entitlement to fees for various equitable reasons. Moreover, during the hearing to determine the amount of fees, the Unit Owner presented expert witness testimony disputing the Association's entitlement to attorney's fees. As a result, the Association was required to expend time defending its entitlement to attorney's fees before, during, and after the final fee hearing. The Association therefore requested additional attorney's fees for litigating the issue of entitlement beyond entry of the agreed order. The trial court denied the request, limiting the Association's recovery of attorney's fees from the date the agreed order was entered.

On appeal, the Association argues that because it was required to defend the issue of entitlement after entitlement was determined, it should have been awarded additional attorney's fees. We agree.

It is well established that "[a] party may recover attorney's fees for time spent *establishing entitlement* to fees; however, a party *cannot recover fees for time spent contesting or determining the amount of fees* due." *Household Fin. Corp. III v. Williams*, 290 So. 3d 508, 511 (Fla. 4th DCA 2020). Therefore, a party generally cannot recover attorney's fees incurred after a finding of entitlement has been made. *See id.* In the present case, however, the Unit Owner continued to challenge the issue of entitlement after entry of the agreed order stipulating the Association was entitled to attorney's fees. The Association was therefore entitled to additional attorney's fees for the time spent relitigating the entitlement issue.

Accordingly, we reverse and remand for the limited purpose of having the trial court award the Association additional attorney's fees for the time spent litigating the issue of entitlement after entry of the agreed order. We otherwise affirm the fee award in all other respects.

*Affirmed in part, reversed in part, and remanded.*

CIKLIN and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2